**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Michael Fortado,

Plaintiff,

v.

Springerville Police Department, *et al.*,

Defendants.

No. CV-25-08231-PCT-JJT

**ORDER**

After demonstrating a pattern of noncompliance, Plaintiff Michael Fortado's counsel was ordered to show cause to this Court why this matter should not be dismissed for failure to prosecute and to comply with court orders. At the time the Court so ordered, Plaintiff's counsel had failed to respond to Defendants' first motion to dismiss (*see* Doc. 7), failed to properly file the first amended pleading despite the Court's clear order and the Defendants' notice of the deficiency (*see* Doc. 7, 12, 24–25), and failed a second time to properly file a second amended pleading despite the Court ordering it be done twice (Doc. 20 at 15–16; Doc. 25), which prompted the Court to issue its order to show cause (Doc. 27). Plaintiff's counsel was warned that "[f]ailure to show cause will result in dismissal of this action without prejudice." (Doc. 27 at 1–2.)

Instead of showing cause to the Court in a written brief as ordered, Plaintiff's counsel filed a redline version of the second amended pleading he was supposed to file originally. While correcting this outstanding deficiency, the filing of those redlines does not comply at all with the Court's order to show cause. Additionally, upon reviewing the

redline of the second amended pleading, the Court observes that Plaintiff's counsel once again violates the scope of leave granted to him to amend his whistleblower retaliation and hostile work environment claims[1] despite the Court's warning that, "[s]hould [he] circumscribe the limitations of this leave again, those claims may be dismissed with prejudice." (Doc. 20 at 8.) Plaintiff's counsel's repeated failure to abide by the Court's orders and his noncompliance with procedural rules amount to a failure to diligently prosecute Plaintiff's claims.

In determining whether the failure to prosecute warrants dismissal of the case, the Court weighs five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Here, the first three factors weigh in favor of dismissal considering that Plaintiff's noncompliance has delayed these proceedings, imposed a burden on the Court to manage such noncompliance, and hindered the Court's ability to move this case towards resolution. "The law presumes injury from unreasonable delay," and "the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant." *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). This presumption is rebuttable, which is why this Court ordered Plaintiff to show cause. He did not and, accordingly, fails to rebut the presumption of prejudice against Defendant.

The fifth factor also weighs in favor of dismissal. This matter is still in the pleading stage, and yet Plaintiff's counsel has repeatedly defied the Court's orders and warnings regarding the scope of leave to amend and proper filing of amendments, and has altogether failed to respond to the Court's order to show cause. (*See* Doc. 20 at 8 (warning that

---

[1] The Court previously dismissed these claims from Plaintiff's Amended Complaint for asserting new legal theories that were not previously pled without seeking leave or presenting cause to do so. (Doc. 20 at 6–8.) Upon reviewing Plaintiff's redline of his second amended pleading (Doc. 28-1), he retains the same facts and legal theories that exceeded the same scope of leave previously granted and fails once more to seek the Court's permission to expand that scope of leave beforehand despite its previous admonition.

exceeding scope of leave will result in dismissal of claims, and failure to properly file amended pleading will result in striking that pleading); Doc. 25 (providing opportunity to correctly file amended pleading); Doc. 27 (warning that failure to show cause will result in dismissal of claims).) Plaintiff's counsel has given no reason for the Court to believe that he will respond to orders and rules without repeated court intervention in the future, and there is no lesser viable sanction available other than dismissal. This dismissal will be *without* prejudice, so Plaintiff may pursue his claims once more if desired and, hopefully, with more diligence and commitment to the rules and orders of whichever court receives the matter.

**IT IS ORDERED** dismissing this case without prejudice for failure to prosecute.

**IT IS FURTHER ORDERED** denying as moot Defendant Town of Springerville's Partial Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 26).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment and close this case.

Dated this 17th day of July, 2026.

Honorable John J. Tuchi
United States District Judge

- 3 -